UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HAMPTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C. BURNETT, et al.,<br><br>　　　　　Defendants. | No. 2:15-cv-1804 CKD P<br><br><br>ORDER |

I. <u>Introduction</u>

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

1 | exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

2 | II. <u>Screening Standard</u>

3 | The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  <u>Twombly</u>, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Iqbal</u>, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

////

////

2

III. Analysis

Plaintiff names four defendants at California State Prison-Sacramento. He alleges that defendant Sherburn "threw away" his property – consisting of "legal books, religious items, headphones, and a television" – in retaliation for plaintiff's filing a grievance. (ECF No. 1 at 3.) Aside from this conclusory assertion, plaintiff does not explain the basis for his belief that Sherburn's actions were retaliatory. Attachments to the complaint indicate that, on July 7, 2014, plaintiff was in a fight with his cellmate, and Sherburn "rolled up" his property. (Id. at 15, 19-20.) Plaintiff's property was inventoried, and plaintiff was placed in Administrative Segregation. (Id. at 19-20.) Plaintiff filed an administrative appeal requesting that his property be replaced or paid for. (Id.) The appeal was partially granted, and some of plaintiff's property was returned, though not the television and some other items. (Id.; see id. at 21-22.)

Plaintiff alleges that defendants Burnett and Compton improperly screened out his inmate grievances "in retaliation, and to help their coworkers." (Id. at 4-5, 29.) Defendant Haynie is sued as a supervisor of the other defendants. (Id. at 4.)

An inmate may state a cognizable First Amendment claim based on retaliation for protected conduct, such as filing administrative grievances. To prevail on a First Amendment retaliation claim, plaintiff must show: (1) an adverse action against him; (2) because of; (3) his protected conduct, and that such action; (4) chilled his exercise of his First Amendment rights; and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005). "The mere threat of harm can be an adverse action, regardless of whether it is carried out because the threat itself can have a chilling effect." Brodheim v. Cry, 584 F.3d 1262, 1270 (9th Cir. 2009). The threat need not be explicit or specific. Id. Rather the question for the court is whether a reasonable factfinder could interpret the statements as "'intimating that some form of punishment or adverse regulatory action would follow.'" See id. (quoting Okwedy v. Molinari, 333 F.3d 339, 343 (2d Cir.2003)).

Here, aside from vague and conclusory allegations, plaintiff does not allege that any adverse action was taken against him because of his protected conduct. Thus he does not state a First Amendment claim against any defendant.

1    As to a due process claim, a negligent or intentional deprivation of property by a state employee does not constitute a violation of federal due process if the state provides a meaningful post-deprivation remedy for the loss.  See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Zimmerman v. City of Oakland, 255 F.3d 734, 738 (9th Cir. 2001).  The California Legislature has provided a remedy for tort claims against public officials in the California Government Code, §§ 900, et seq.  Because plaintiff has an adequate state law remedy for being deprived of his property, he fails to state a §1983 claim on this basis.[1]

As to allegations concerning defendants' handling of plaintiff's administrative appeals, plaintiff does not state a claim pursuant to § 1983 on this basis.  See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (inmates do not have a Constitutional right to a specific prison grievance procedure).  Insofar as plaintiff's claims are based on state administrative regulations, they are not actionable under § 1983.  Cornejo v. County of San Diego, 504 F.3d 853, 855 n. 3 (9th Cir. 2007) ("[A] claim for violation of state law is not cognizable under § 1983.")

As to defendant Haynie, supervisory personnel are generally not liable under §1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Plaintiff has not alleged a causal link between Haynie and any constitutional violation.

For these reasons, plaintiff's complaint will be dismissed for failure to state a claim.  However, he will be granted one opportunity to amend the complaint.

IV.  Leave to Amend

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, plaintiff's amended complaint must allege in

---

[1] Courts have distinguished those cases in which "the property deprivation is effected pursuant to an established state procedure." Zimmerman, 255 F.3d at 738, citing Hudson, 468 U.S. at 534. In such circumstances, a plaintiff may allege a constitutional due process challenge "even though some post deprivation remedies [are] available under state law." Id.   This does not apply here.

1  specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C.

2  § 1983 unless there is some affirmative link or connection between a defendant's actions and the

3  claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).  Furthermore, vague and conclusory

4  allegations of official participation in civil rights violations are not sufficient.  <u>Ivey v. Board of

5  Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

6       In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

7  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

8  complaint be complete in itself without reference to any prior pleading.  This is because, as a

9  general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375

10  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

11  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

12  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

13       In accordance with the above, IT IS HEREBY ORDERED that:

14       1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 5)  is granted.

15       2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees

16  shall be collected and paid in accordance with this court's order to the Director of the California

17  Department of Corrections and Rehabilitation filed concurrently herewith.

18       3.  Plaintiff's complaint is dismissed.

19       4.  Plaintiff is granted thirty days from the date of service of this order to file an amended

20  complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

21  Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

22  assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and

23  two copies of the amended complaint; failure to file an amended complaint in accordance with

24  this order will result in a recommendation that this action be dismissed.

25  Dated:  October 20, 2015

26       _____
     CAROLYN K. DELANEY

27       UNITED STATES MAGISTRATE JUDGE

28  2 / hamp1804.14.new

5